Pennington, J.
Our statute is copied from the statute of William, the phraseology of which arose from the ancient manner of pleading. Before the statute of William, the practice of pleading was, to declare generally on the penalty of the bond. The defendant, on obtaining oyer of the bond and condition, pleaded performance, when the plaintiff replied, and assigned breaches; therefore, in cases of judgment by default, there were no breaches assigned. Hence, the provision in the statute, that in such cases breaches must *467 be assigned. The more modern and approved practice is to declare on the whole bond, and assign breaches in the declaration. But this docs not prevent the necessity of a jury passing on the breaches assigned.
Griffith and Fearson, for plaintiff".
Davenport, for defendant.
By the Co cut — A jury ought to have passed on the breaches assigned, and assessed the damages.
Judgment must be reversed.
[*] A question arose, whether or not a writ of inquiry should be awarded out of this Court? — On which,
The counsel for the plaintiff in error, observed, that there were other errors which intitled him to a reversal of the judgment in toto. One of which was, that the defendant had never been brought into court. It was true, that a capias had issued, and that the sheriff had returned thereon cepi corpus; but no bail had been put in. Ho also allcdged, that no affidavit had been made to hold to bail: nor was there an order of a judge to hold the defendant to bail. That in such caso, a capias could not issue at all under our practice act; but a summons was the proper process.
To this, the counsel for the defendant in error, answered, that before he had declared he had waived bail, and that he understood the practice to be that although no affidavit was made for bail, or order of the judge procured, yet that the plaintiff might proceed by capias and waive bail. It appeared that no entry of waiver of bail had been entered on the minutes of the court; but the plaintiff’s attorney bad Indorsed on the writ, that bail was waived.
By the Court.
— By our practice act, a plaintiff is not intitled to bail unless he make the affidavit required by the statute to hold the defendant to hail; or unless he procures an order of a judge to hold the defendant to bail. And in cases where the plaintiff is not intitled to bail, the plaintiff" must proceed by summons, and not by capias: it was error to issue a capias in this case. But even if a capias was the proper process, yet the plaintiff below is not benefited; for he lias proceeded to declare before he has the defendant in court. It is true, our act authorizes him to waive his right to bail; but this must be done in conformity to the act, which is to enter such waiver on the minutes of the court. This lias not been done, but only indorsed [*] on the writ. Therefore, which ever way you take it, you are beset by error. Judgment reversed.*

Addis and another, v. Evans, was in all things the same as in this cause; and for the same reasons, reversed this term.